ORIGINAL

FILED

In The United States Court of Federal Claims

JUN 9 2015

U.S. COURT OF
FEDERAL CLAIMS

Keith Russell Judd, Plaintiff,

v.

No. 15 - 586 C

United States of America, Defendant.

## Complaint

Plaintiff, Keith Judd, Pro Se, hereby petitions this Honorable Court for Judgment against the United States for recovery of $200.00 Felony Assessment Fee and $20,000.00 illegally taken from me without jurisdiction in United States v. Judd, No. MO-98-CR-093, in the United States District Court For the Western District of Texas, under a void conviction, sentence and resentencing.

## Jurisdiction

This Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491 for recovery of money illegally taken. See, Roy v. United States, 481 U.S. 736, 737 (1987)("petitioner's liability depends upon the validity of his three convictions."). In Mallow v. United States, 161 Ct. Cl. 446, 450 (1961), the Court of Claims held the Tucker Act provided jurisdiction for recovery of money the government illegally

Collected from plaintiff was fines under a Void Conviction and Sentence. See also, Wilson v. United States, 405 F3d 1002, 1009 (Fed. Cir. 2005)("A claim may be asserted under the Tucker Act for recovery of money the government has required to be paid contrary to law."); Ruckelshaus v. Monsanto, 81 L. Ed. 2d 815, 843-844 (1984)("we hold that the Tucker Act is available as a remedy for any uncompensated taking.").

### Statement of Facts and Authority

1.) The Indictment at Docket No. 19, was replaced in violation of the proceedures under 28 U.S.C. § 1735(b).

2.) The purported copy of the Indictment fails to alledge any conduct that would constitute an offense under 18 U.S.C. § 876, so that the District Court completely lacks subject matter jurisdiction under 18 U.S.C. § 3231. See, United States v. Cabrera-Teran, 168 F3d 141, 143 (5th Cir. 1999)("An indictment's failure to charge an offense constitutes a jurisdictional defect."); United States v. Henry, 288 F3d 657, 660 (5th Cir. 2002)(indictment not charging offense constitutes "jurisdictional defect." and may be challenged at any time.). This jurisdictional issue has never been ruled on by the District Court because of the Stay.

(2.)

3.) During the March 16, 1999, Hearing, AUSA Mark T, Roomberg said the Double Jeopardy issue was immediately appealable and that the case had to be Stayed. Judge Fingeson determined:

"I'm going to enter an order to stay. If you want to appeal that order, then you can certainly do that. And if the Fifth Circuit or the Supreme Court says, No, you have jurisdiction, then I'll gear up again."

(See attached hereto, Excerpt of Transcript of March 16, 1999, Hearing, filed June 4, 1999, at Docket No. 303, page 32).

4.) On March 23, 1999, Judge Fingeson entered an Amended Order Staying Case Pending Resolution of Appeals - "to ensure that there is no confusion about the current status of the case or this Court's jurisdiction to entertain Motions at this point in time."

Judge Fingeson determined: "The Defendant in this case has filed appeals with both the Fifth Circuit and the United States Supreme Court regarding the issues of double jeopardy, ... and others. Until these appeals are either dismissed or decided by the above referenced courts, this Court has no jurisdiction to hear anything in connection with the above styled cause of action."

3.

(See attached hereto, Docket No. 208, Amended Order Staying Case Pending Resolution of Appeals).

5.) On March 31, 1999, I filed my timely Notice of Appeal of the Amended Order Staying Case Pending Resolution of Appeals at Docket No. 274.

(See attached hereto, Docket No. 274, Notice of Appeal).

6.) On June 4, 1999, the Clerk of the Fifth Circuit issued a Briefing Notice for United States v. Judd, No. 99-50446, which was docketed as the Appeal of the Amended Order Staying Case Pending Resolution of Appeals. I timely filed and served my Pro Se Appellate Brief.

7.) On June 23, 1999, Judge Furgeson began a Jury Trial when he had said he only had jurisdiction for a Detention Hearing. Acting Pro Se I remained passive because the District Court did not have jurisdiction for Trial.

8.) On September 27, 1999, Judge Furgeson assessed a $200.00 Felony Assessment Fee and a $20,000.00 fine which was collected by the U.S. Department of Justice from my Jail and Prison accounts over a period of time.

4.

9.) Then on October 6, 2006, in United States v. Judd, No. 06-51150 (5th Cir 2006), the Fifth Circuit issued a second Judgment for the Appeal of the Amended Order Staying Case Pending Resolution of Appeals, stating:

"The district court entered an order on March 23, 1999, staying the case pending resolution of various appeals by the defendant. The notice was not sent to this court until resently. The appeals were resolved in 2001, United States v. Judd, No. 98-51081 (5th Cir March 19, 2001)."

(See attached hereto, Docket No. 775, October 6, 2006, opinion in United States v. Judd, No. 06-51150).

10.) On March 19, 2001, the Fifth Circuit affirmed 26 separate pretrial appeals from MO-98-CR-093. But no Mandates issued.

11.) On April 12, 2001, the Fifth Circuit issued a single Mandate for United States v. Judd, No. 98-51081, a pretrial appeal docketed in the Fifth Circuit on November 12, 1998.

12.) No Mandates have issued on the remaining 25 Pretrial Appeals.

13.) On November 26, 2013, Judge Ezra denied my Pro Se Motion To Dismiss Revocation Proceeding Merely because it was filed Pro Se, and Resentenced me.

14.) In <u>United States v. Judd</u>, No. 13-51152, the Fifth Circuit refused to address or review the issue that the District Court lacked jurisdiction for Trial and Sentencing because of the pending pretrial appeals.

15.) On April 9, 2015, Judge Ezra denied My Motion To Vacate Amended Order Staying Case Pending Resolution of Appeals And Proceed To Trial. (See <u>attached hereto</u>, <u>Judge Ezra's April 9, 2015 order</u>).

16.) As a result, I cannot present several Pretrial Motions To Dismiss including a Motion To Dismiss For Government's Breach of the 1996 Pretrial Diversion Agreement.

<u>Memorandum In Support</u>

17.) Since the Fifth Circuit says the appeals were resolved in 2001, the District Court was without jurisdiction for Trial on June 23, 1999.

18.) The District Court did not regain jurisdiction for trial until the Fifth Circuit issued a Mandate for each separate appeal that was resolved in 2001. <u>United States v. Cook</u>, 592 F.2d 877, 880 (5th Cir. 1979) ("The district court <u>did not reacquire jurisdiction over Cook's case until the mandate of this Court was issued</u>.")

19.) In addition, the District Court did not regain jurisdiction until the Fifth Circuit issued a Mandate for the Appeal of the Amended order Staying Case Pending Resolution of Appeals on October 6, 2006, in United States v. Judd, No. 06-51150 (5th Cir. 2006). See Comer v. Murphy Oil USA, 718 F3d 460, 467 (5th Cir. 2013) ("This Court retains control over an appeal until we issue Mandate.").

20.) On March 31, 1999, when I filed my timely Notice of Appeal of the Amended order Staying Case Pending Resolution of Appeals, the District Court was divested of jurisdiction to alter the Stay, See, United States v. Hitchmon, 587 F2d 1357, 1359 (5th Cir. 1979); Deton ISD v. U.S. Mineral Products, 906 F2d 1059, 1064 (5th Cir. 1990) ("We are bound by our well-established rulings that the district court losses all jurisdiction over all matters which are validly on appeal."), See Foot Note 1 on Page 8.

21.) As a result of the appeals, the Conviction and September 27, 1999, Sentence assessing a $200.00 fee and $20,000.00 fine are Void for lack of jurisdiction. See Winchester v. United States Attorney, 68 F3d 947, 950 (5th Cir. 1995) ("The government's first appeal, once perfected, deprived the district court of jurisdiction, rendering void that court's subsequent actions in the case.").

## Conclusion

22.) The $20,200.00 was illegally taken from me without jurisdiction under a void conviction and sentence.

### Demand For Judgment

Wherefore, Plaintiff, Keith Judd, Pro Se, asks this Court to grant Judgment against the United States for recovery of the $20,200.00, plus any other relief appropriate and just.

Respectfully Submitted,

*Keith Judd*

Date: June 8, 2015

Keith Judd, Plaintiff Pro Se
2004 West Golf Course Road
Midland, Texas, 79701

Texas ID# 37569668

Foot Note 1 On April 7, 1999, Judge Furgeson entered an order Allowing All Hearings Before This Court on This Case To Be Transcribed And Provided To Defendant At Government Expense "In order to facilitate these appeals." (See attached hereto, April 7, 1999, order For Transcripts).

8.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**FILED**

JUN - 4 1999

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **MO-98-CR-093** |
| | ) | |
| v. | ) | *Hearing on Pretrial Motions* |
| | ) | |
| KEITH RUSSELL JUDD | ) | **March 16, 1999** |

### BEFORE THE HONORABLE ROYAL FURGESON
*United States District Judge*
*In Midland, Texas*

**FOR THE GOVERNMENT:**    **MR. MARK ROOMBERG**
*Assistant U.S. Attorney*
400 E. Illinois Street
Midland, Texas 79701
*(915) 686-4110*

**FOR THE DEFENDANT:**    **MR. DAVID GREENHAW**
*Attorney at Law*
Box 311
Odessa, Texas 79760
(915) 580-7617

*and*

**MR. KEITH RUSSELL JUDD**
*Pro Se*
Midland County Jail
P.O. Box 11387
Midland, Texas 79701
*(915) 688-1210*

**COURT REPORTER:**    **MR. DENVER B. RODEN, RMR**
*United States Court Reporter*
200 E. Wall, Rm. 313
Midland, Texas 79701-5248
*(915) 683-7784*

The above styled and numbered cause was reported by mechanical stenography and produced by computer.



Case 1:15-cv-00586-NBF   Document 1   Filed 06/09/15   Page 10 of 19
Case 7:98-cr-L   93-DAE   Document 303   Filed 06/C   J9   Page 33 of 49

Page 32

1   coming in is, you know, do all these have high priority?  Do

2   any of them have high priority?  Are any of them important?

3   Are all of them important?  It's just -- I mean, those are

4   the questions I ask.  I don't know the answer.

5          THE DEFENDANT:  So, where we're at now the only

6   motions that could actually be ruled on would be on the

7   issue of detention?

8          THE COURT:  That would be my view.  That would be

9   my view.

10          THE DEFENDANT:  So, there could be no ruling on a

11   Motion to Dismiss for various reasons?

12          THE COURT:  No.

13          THE DEFENDANT:  Or a change of venue?

14          THE COURT:  No.  I think a higher court has the

15   jurisdiction.  Now, if you want to appeal that decision, --

16   I'm going to enter an order to stay.  If you want to appeal

17   that order, then you can certainly do that.  And if the

18   Fifth Circuit or the U.S. Supreme Court says, no, you have

19   jurisdiction, then I'll gear up again.  Gladly.  I wanted to

20   gear up this month.  In fact, we're trying to set this

21   case -- what date was it, gentlemen?  Was it the 22nd or the

22   29th?

23          MR. ROOMBERG:  The 29th, Your Honor.

24          THE COURT:  I was trying to set it the 29th.  That

25   was certainly my goal.

1     I, **DENVER B. RODEN**, United States Court Reporter for the

2   United States District Court in and for the Western District

3   of Texas, Midland/Odessa Division, hereby certify that the

4   above and foregoing contains a true and correct

5   transcription of the proceedings in the above entitled and

6   numbered cause.

7     **WITNESS MY HAND** on this 4th day of June

8   1999.

9

10

11     **DENVER B. RODEN, RMR**
        United States Court Reporter
12      United States Courthouse
        200 E. Wall, Rm. 313
13      Midland, Texas 79701-5248
        Phone: (915) 683-7784
14

15

16

17

18

19

20

21

22

23

24

25

Docket No. 208

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA DIVISION

FILED

MAR 23 1999

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | § | |
| | § | |
| v. | § | MO-98-CR-93-F |
| | § | |
| KEITH RUSSELL JUDD<br>Defendant | § | |
| | § | |

## AMENDED ORDER STAYING CASE PENDING RESOLUTION OF APPEAL

This Court issued an Order Staying Case Pending Resolution of Appeal on March 19,
1999. The Court now issues this Amended Order Staying Case Pending Resolution of
Appeal to ensure that there is no confusion about the current status of the case or this Court's
jurisdiction to entertain motions at this point in time. The Defendant in this case has filed
appeals with both the Fifth Circuit and the United States Supreme Court regarding the issues
of double jeopardy, the conditions of his release, the denial of his motion for the Court to
provide transcripts of prior court hearings free of charge, the manner of filing motions, the
requirement that he undergo a psychological examination, and others. Until these appeals
are either dismissed or decided by the above referenced courts, this Court has no jurisdiction
to hear anything in connection with the above-styled cause of action. To expound on that
issue, this Court currently cannot entertain and consider any motions filed by the Defendant.[1]
Until and unless this Court regains jurisdiction over this case, pursuant to a dismissal of or

---

[1] Obviously, this Court is also without jurisdiction to entertain motions filed by the
Government, as well, but that has not been an issue at present.

000416



Docket No. 208

a decision on the merits of the appeals, this Court cannot thus entertain any motions relating to the case. At this juncture, the filing of any such motions cannot result in a decision. Defendant Judd continues to file motions as if the Court can rule, but it cannot. Owing to the appeals, this Court hereby stays this criminal action pending resolution of those appeals. When the appeals are resolved, the Court can then act. Accordingly,

It is ORDERED that the above-styled cause of action, including all pending motions relating to it, is STAYED PENDING RESOLUTION OF DEFENDANT'S APPEALS.

Signed this 23ʳᵈ day of MARCH 1999.

Royal Furgeson
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE

5

In The United States District Court For The Western District of
Texas Midland / Odessa Division

MD-98-CR-093

FILED

United States of America, Plaintiff,

V.

Keith Russell Judd, Defendant, Pro Se,

MAR 31 1999

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

Notice of Appeal of Judge Furgeson's Amended Order Staying
Case Pending Resolution of Appeal, at Docket No. 208

    Defendant, Keith Russell Judd, Pro Se, hereby gives notice
of Appeal of Judge Furgeson's Amended Order Staying Case
Pending Resolution of Appeal, at Docket No. 208, because:
1, District Court can still dismiss this case on Motion by a
party or sua sponte; District Court can still rule on motions
to perfect the numerous appeals; District Court can still
grant a hearing for conditions of pretrial release, see,
United States v. Snyder, 946 F.2d 1125, 1126-27 (5th Cir.
1991)(District Court had jurisdiction to consider bail application
during appeal).

                    Respectfully Submitted,
                    Keith Judd, March 28, 1999
                    Keith Russell Judd, Defendant, Pro Se
                    Midland County, Jail, Name No. 12782)
                    P.O. Box 11381
                    Midland, Texas, 79702
                    (915) 688-1210          000507

274

13-51152.589

Docket No. 773

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-51150
USDC No. 7:98-CR-93-RAJ

U.S. COURT OF APPEALS
FILED
OCT 6 2006

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEITH RUSSELL JUDD

Defendant-Appellant

FILED
OCT 2 3 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF
BY_____
DEPUTY CLERK

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:

This court must examine the basis of its jurisdiction on its
own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th
Cir. 1987). The district court entered an order on March 23,
1999, staying the case pending resolution of various appeals by
the defendant. The defendant filed a notice of appeal from that
order. The notice was not sent to this court until recently.
The appeals were resolved in 2001. United States v. Judd, No.
98-51081 (5th Cir. March 19, 2001). Accordingly, the appeal of
the district court's order is moot and the appeal is dismissed.

DISMISSED.

A true copy
Attest:

Clerk, U.S. Court of Appeals, Fifth Circuit

By_____
Deputy
New Orleans, Louisiana          OCT - 6 2006

Docket No. 773

**FILED**

APR – 9 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. MO-98-CR-93 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH RUSSELL JUDD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO VACATE ORDER STAYING CASE PENDING RESOLUTION OF APPEALS AND TO PROCEED TO TRIAL

Before the Court is a Motion to Vacate Order Staying Case Pending Resolution of Appeals and Proceed to Trial filed by Defendant Keith Russell Judd ("Defendant"). (Dkt. # 1013.) For the following reasons, the Court **DENIES** Defendant's Motion.

On June 23, 1999, Defendant was convicted of two counts of mailing a threatening communication with the intent to extort money or something of value in violation of 18 U.S.C. § 876. He was sentenced to 210 months imprisonment and a three-year term of supervised release. Defendant appealed his conviction to

1

the Fifth Circuit, and on April 12, 2001, the Fifth Circuit affirmed the conviction

and sentence.

On March 23, 1999, Judge Royal Furgeson entered an Order Staying

Case Pending Resolution of Appeal ("Stay Order"). (Dkt. # 208.)  Judge Furgeson

explained that Defendant had "filed appeals with both the Fifth Circuit and the

United States Supreme Court . . . . Until these appeals are either dismissed or

decided by the above referenced courts, this Court has no jurisdiction to hear

anything in connection with the above-styled cause of action." (Id. at 1.)

Defendant appealed the Stay Order, and in the 2006 Mandate dismissing

Defendant's appeal, the Fifth Circuit noted that all appeals had been resolved in

2001.  (Dkt. # 773.)  As such, the Fifth Circuit held that Stay Order was moot.

(Id.)

As the Fifth Circuit explained, the Stay Order was rendered moot

upon resolution of all of Defendant's numerous appeals.  The Court notes that this

is the second Motion to Vacate the Stay Order Defendant has filed, and that his

first Motion was also denied.  (Dkt. # 987.)

For these reasons, the Court **DENIES** Defendant's Motion to Vacate

Order Staying Case Pending Resolution of Appeals and Proceed to Trial.  (Dkt.

# 1013.)

IT IS SO ORDERED.

Dated: Midland-Odessa, Texas, April 9, 2015.

David Alan Ezra
Senior United States Distict Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**FILED**
APR - 7 1999
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff | § <br> § <br> § | |
| v. | § <br> § | MO-98-CR-93-F |
| KEITH RUSSELL JUDD<br>    Defendant | § <br> § <br> § <br> § | |

## ORDER ALLOWING ALL HEARINGS BEFORE THIS COURT ON THIS CASE TO BE TRANSCRIBED AND PROVIDED TO DEFENDANT AT GOVERNMENT EXPENSE

Defendant Judd has appealed a number of rulings in this case thus far. Currently he has numerous appeals in this regard before the Fifth Circuit. Accordingly, in order to facilitate these appeals, this Court Orders that all transcripts from any hearing before this Court concerning the above-styled case be provided to Defendant Judd at government expense. Accordingly,

It is ORDERED that the transcripts from all hearings before this Court on the above-styled cause of action be provided to Defendant at government expense.

Signed this 6th day of APRIL 1999.

_Royal Furgeson_
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE

000510