ORIGINAL

# In the United States Court of Federal Claims

No. 15-586C
(Filed:  October 30, 2015)
**NOT FOR PUBLICATION**

FILED

OCT 30 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| KEITH RUSSELL JUDD, | ) | |
| | ) | Pro Se; Frivolous Lawsuit; Collateral |
| *Pro Se* Plaintiff, | ) | Attack on Criminal Conviction; |
| | ) | Motion to Dismiss for Lack of |
| v. | ) | Jurisdiction; Bar on Filing Further |
| | ) | Claims |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF DISMISSAL

This case comes before the court on defendant's motion to dismiss the complaint of plaintiff Keith R. Judd under Rule of the Court of Federal Claims ("RCFC") 12(b)(1) for lack of subject matter jurisdiction.  Mr. Judd's complaint, filed on June 9, 2015. challenges the $200 felony assessment fee and $20,000 fine he was required to pay following his 1999 conviction for mailing threatening communications in violation of 18 U.S.C. § 876, see United States v. Judd, 252 F.3d 435 (5th Cir. 2001).

Mr. Judd has filed "hundreds of frivolous or meritless complaints in federal district courts and appeals courts throughout the nation," Judd v. Furgeson, Civ. No. 01-4217, 2012 WL 5451273, at *5 (D.N.J. Nov. 5, 2012),[1] including four previous complaints in this court, each of which has been dismissed.[2]  In 1999, the Supreme Court entered an order prohibiting plaintiff filing any further petitions for certiorari in forma pauperis after his six former petitions were denied as frivolous.  Judd v. United States District Court, et al., 528 U.S. 5, 5 (1999).  In this complaint, the fifth filed in this court,

---

[1] The United States District Court for the District of New Jersey identified more than 200 cases or appeals, many frivolous, filed by Mr. Judd as of 2002.  Judd v. Furgeson, 239 F. Supp 2d 442, 443 n. 1 (D.N.J. 2002).

[2] This is Mr. Judd's fifth action in this Court.  In Judd v United States, No. 05-726C, 2005 WL 6112661 (Fed. Cl. Dec. 9, 2005), aff'd 189 Fed. App'x 951 (Fed. Cir. 2006), Judge Wolski dismissed claims arising out of Mr. Judd's pretrial diversion agreement for lack of subject-matter jurisdiction.  Mr. Judd's three other prior actions in this Court were also dismissed. See Judd v. United States, No. 00-596C (Fed. Cl. Oct. 4, 2000); Judd v. United States, No. 02-1327C (Fed. Cl. Oct. 28, 2002); Judd v. United States, No. 08-299C, 2008 WL 4056550 (Fed. Cl. Aug. 6, 2008) aff'd, 345 F. App'x 539 (Fed. Cir. 2009) (Fed. Cl. Aug. 6, 2008).

Mr. Judd contends that because he had appeals pending in the United States Court of Appeals for the Fifth Circuit at the time of his criminal trial and sentencing, his conviction is null and void.

The government has moved to dismiss his complaint on the grounds that this court lacks jurisdiction to hear claims which amount to a collateral attack on a criminal conviction. According to Mr. Judd, the United States Court of Federal Claims has jurisdiction to hear his case because the fee and fine imposed by the trial court amounted to an "illegal exaction."

The court agrees with the government. It is well settled that, notwithstanding any jurisdiction this court may have over claims for illegal exaction, this court "lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." Beadles v. United States, 115 Fed. Cl. 242, 245 (2014) (quoting Perkins v. United States, No. 13-023C, 2013 WL 3958350, at *3 (Fed.Cl. July 31, 2013) (citing Carter v. United States, 228 Ct.Cl. 898, 900 (1981))); see also Fireman v. United States, 49 Fed. Cl. 290, 293 (2001) ("There is no statute that gives this Court jurisdiction to collaterally review the acts of a federal district court.").

In this case, Mr. Judd argues that the fine and fee were illegal exactions because his conviction was illegal. As Mr. Judd states in his response to the government's motion: "It is clear that the district court did not have jurisdiction for trial on June 23, 1999 or sentencing on September 27, 1999." Pl.'s Opp. 6. Therefore, according to plaintiff, his conviction and sentence "is a nullity and wholly void." Id. In order to decide Mr. Judd's so-called "illegal exaction" claim, the court must necessarily review the validity of his conviction and sentence in the district court. Plaintiff's claim therefore "amount[s] to a collateral attack[]" on his sentence. Beadles, 115 Fed. Cl. at 245. In Fireman, the court found that a challenge to a criminal fine on the grounds that it was excessive in violation of the Eighth Amendment amounted to collateral attack on an act of the a federal district court. Fireman, 49 Fed. Cl. at 293. Therefore, the court found that it had "no jurisdiction over any claim purporting to review criminal fines imposed by federal courts on the ground that the fine violates the Eighth Amendment." Id. Plaintiff's complaint ask this court to conduct a similarly disallowed review of a district court's action.

Rather than seeking to indirectly attack his conviction in this court, Mr. Judd's remedy was to appeal his conviction in the proper federal court. Perkins v. United States, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013) (quoting Carter, 228 Ct.Cl. at 900 (finding that "[i]f plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court.") He cannot collaterally attack his conviction and sentence in this court. Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002) (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) (finding that the "Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."). Consequently, even under the less stringent pleading standards

applicable to pro se litigants, Mr. Judd has failed to establish jurisdiction. <u>See</u> <u>Wilson v.</u> <u>United States</u>, 404 F. App'x 499, 500 (Fed. Cir. 2010) (["L]enient pleading standards cannot forgive a failure to state a claim that falls within the court's jurisdiction." (citing <u>Henke v. United States</u>, 60 F.3d 795, 799 (Fed. Cir. 1995)).

Therefore, the government's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss the case. The Clerk is further directed to accept no other actions or filing by Keith R. Judd without an order from the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any actions in this court in the future, Mr. Judd must explain how his complaint raises new matters properly before this court. <u>See</u> RCFC 11(b) (barring the filing of unwarranted or frivolous claims). No costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge