**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-586C
(Filed: November 25, 2015)
**\*\*NOT FOR PUBLICATION\*\***

**FILED**
NOV 2 5 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| KEITH RUSSELL JUDD, ) | |
| ) | |
| *Pro Se* Plaintiff, ) | |
| ) | Pro Se; Denial of Motion to Alter or |
| v. ) | Amend; RCFC 59 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO ALTER OR AMEND ORDER OF DISMISSAL

Pending before the court is pro se plaintiff Keith Judd's motion to alter or amend, pursuant to Rule 59 of the Rules of the Court of Federal Claims ("RCFC"), this court's October 30, 2015 order dismissing Mr. Judd's case for lack of jurisdiction.[1]

Mr. Judd filed a complaint in this court on June 9, 2015 challenging the $200 felony assessment fee and $20,000 fine he was required to pay following his 1999 conviction for mailing threatening communications in violation of 18 U.S.C. § 876. See Judd v. United States, No. 15-586, 2015 WL 6684540, at *1 (Fed. Cl. Oct. 30, 2015) (citing United States v. Judd, 252 F.3d 435 (5th Cir. 2001)). This court granted the defendant's motion to dismiss for lack of jurisdiction on the grounds that Mr. Judd's complaint amounted to an impermissible challenge to his conviction and sentence. Id. at *1-2 (citing Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002); Beadles v.

---

[1] Mr. Judd filed a notice of appeal on November 16, 2015. Generally, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). However, the Supreme Court has held that "in order to prevent unnecessary appellate review," Rule 4(a)(4) of the Federal Rules of Appellate Procedure gives a district court "express authority to entertain a timely motion to alter or amend [a] judgment under Rule 59, even after a notice of appeal ha[s] been filed." Id. at 59; see also Stone v. INS, 514 U.S. 386, 396-97 (1995) ("the filing of a Rule 59 motion to alter or amend a district court's judgment strips the appellate court of jurisdiction, whether the [Rule] 59 motion is filed before or after the notice of appeal." (citing Griggs, 459 U.S. at 61)).

United States, 115 Fed. Cl. 242, 245 (2014)). Mr. Judd's motion to alter or amend the order of dismissal was filed on November 24, 2015.

In his motion to alter or amend the order of dismissal, Mr. Judd argues that this court erred by failing to view the fee and fine imposed by the trial court as an "illegal exaction," which this court would have jurisdiction to review. See Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (en banc in relevant part). However, the court expressly considered this issue in its decision to dismiss Mr. Judd's complaint. The court explained that, "notwithstanding any jurisdiction this court may have over claims for illegal exaction, this court 'lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions.'" Judd, 2015 WL 6684540, at *1 (citing Beadles, 115 Fed. Cl. at 245). It is well settled that Mr. Judd "cannot collaterally attack his conviction and sentence in this court." Id. at *2 (citing Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002).

In order to meet the "rigorous standards" of RCFC 59(a), a motion for reconsideration "must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted). Accordingly, reconsideration under RCFC 59 is permitted "for one of three reasons: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Entergy Nuclear Palisades, LLC v. United States, 122 Fed. Cl. 225, 227 (2015) (citing Multiservice Joint Venture, LLC v. United States, 374 F. App'x 963, 967 (Fed. Cir. 2010)).

Mr. Judd does not argue that any intervening change in the controlling law has occurred or that previously unavailable evidence is now available. Moreover, because the court expressly considered the issue Mr. Judd raises in the pending motion, reconsideration is not necessary to prevent injustice.

For the reasons above, Mr. Judd's motion to alter or amend the order of dismissal is **DENIED**.

**IT IS SO ORDERED.**

/s/ Nancy B. Firestone
NANCY B. FIRESTONE
Judge