**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-586C
(Filed: April 28, 2016)

**FILED**
APR 28 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| KEITH RUSSELL JUDD, ) | |
| ) | |
| *Pro Se* Plaintiff, ) | |
| ) | Pro Se; Denial of Motion for Relief; |
| v. ) | RCFC 54(b); RCFC 60(b) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR RELIEF UNDER RULES 54 AND 60

Pending before the court is pro se plaintiff Keith Judd's motion for relief, pursuant to Rule 54(b) and Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC"), from this court's October 30, 2015 order and judgment dismissing plaintiff's case for lack of jurisdiction.

Plaintiff filed a complaint in this court on June 9, 2015 challenging the $200 felony assessment fee and $20,000 fine he was required to pay following his 1999 conviction for mailing threatening communications in violation of 18 U.S.C. § 876. See Judd v. United States, No. 15-586, 2015 WL 6684540, at *1 (Fed. Cl. Oct. 30, 2015) (citing United States v. Judd, 252 F.3d 435 (5th Cir. 2001)). This court granted the government's motion to dismiss for lack of jurisdiction on the grounds that plaintiff's complaint amounted to an impermissible challenge to his conviction and sentence. Id. at *1-2 (citing Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002); Beadles v. United States, 115 Fed. Cl. 242, 245 (2014)).

Plaintiff filed an appeal on November 16, 2015 (Fed. Cir. Case No. 2016-1212) and, on March 30, 2016, the U.S. Court of Appeals for the Federal Circuit summarily affirmed this court's dismissal. See Docket No. 19. In addition, on November 24, 2015, plaintiff filed in this court a motion to alter or amend the order of dismissal pursuant to RCFC 59. On November 25, 2015, the court denied plaintiff's motion to alter or amend. See Docket No. 18.

In the pending motion for relief, plaintiff argues, as he did in his unsuccessful motion to alter or amend, that the court erred by failing to view his complaint as an "illegal exaction" claim, which this court would have jurisdiction to review under the

Tucker Act, 28 U.S.C. § 1491(a). See, e.g., Norman v. United States, 429 F.3d 1081, 1095 (Fed. Cir. 2005). Plaintiff refers to statements he made in his response to the government's motion to dismiss alleging that the government breached a pretrial diversion agreement and illegally took funds from his prison account.[1] Plaintiff further alleges, again, that the indictment in his criminal case was invalid. Plaintiff argues that the court's order and judgment did not resolve his entire case or should be revised in light of these claims.

As the court explained in its decision to dismiss plaintiff's complaint and in its denial of his motion to alter or amend the order and judgment, this court expressly considered plaintiff's illegal exaction claims and found, "notwithstanding any jurisdiction this court may have over claims for illegal exaction, this court 'lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions.'" Judd, 2015 WL 6684540, at *1 (citing Beadles, 115 Fed. Cl. at 245). Plaintiff "cannot collaterally attack his conviction and sentence in this court." Id. at *2 (citing Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002). On appeal, the Federal Circuit agreed with this court's view that plaintiff's "illegal exaction claim was simply a pretext for reviewing his criminal case." Docket No. 19 at 3. The Federal Circuit also found that this court did not err by dismissing plaintiff's case based on "[t]he most salient jurisdictional problem," rather than determining whether plaintiff had identified a money-mandating source of law under Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (en banc in relevant part). Id. at 4

   RCFC 54(b) provides in relevant part that:

   [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

   RCFC 60(b) provides that:

   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

---

[1] Plaintiff cites in support of his claims Judd v. United States, 189 F. App'x 951, 952 (Fed. Cir. 2006). However, in that case, the Federal Circuit specifically found that "[t]he Diversion Agreement . . . is not a contract within the scope of the Tucker Act, and the Court of Federal Claims lacks subject matter jurisdiction." Id.

judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Because the court's decision dismissed plaintiff's entire case, and not only some of his claims, RCFC 54(b) is not applicable.

Plaintiff's claim that he is entitled to relief under RCFC 60(b) is also without merit. Plaintiff argues that this court erred in its interpretation of the issues presented in his complaint, which could be construed as a claim of "judicial error" that would be grounds for relief under RCFC 60(b)(1). See Wagstaff v. United States, 595 F. App'x 975, 977 (Fed. Cir. 2014) (citing Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994)). The court also considers whether any other reason justifies relief under RCFC 60(b)(6). It is well-settled that relief from judgment pursuant to Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. King v. United States, No. 12-175C, 2016 WL 762114, at *3 (Fed. Cl. Feb. 26, 2016) (citing Madison Servs., Inc. v. United States, 94 Fed. Cl. 501, 506–507 (2010)). Plaintiff provides no evidence of judicial error in the court's dismissal of plaintiff's case for lack of jurisdiction. The Federal Circuit agreed with this court's reasoning and summarily affirmed the dismissal. Moreover, as this court noted in its denial of plaintiff's motion to alter or amend the order of dismissal pursuant to RCFC 59, plaintiff does not argue that any intervening change in the controlling law has occurred or that previously unavailable evidence is now available. In such circumstances, plaintiff has filed to establish any basis for relief from the court's order and judgment under RCFC 60(b).

Accordingly, plaintiff's motion for relief is **DENIED**.

**IT IS SO ORDERED.**

_____
NANCY B. FIRESTONE
Senior Judge